On respondent's motion to dismiss filed July 6, appeal dismissed October 10, 1984

In the Matter of the Estate
of Lorae Lee Cover, Deceased.

WILLIAMS,
*Appellant,*

*v.*

COVER,
*Respondent.*

(139-698; CA A32242)

689 P2d 341

Jerold L. Billings, Portland, appeared for the motion.

Mark R. Bocci, Portland, appeared contra.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Respondent moves to dismiss the appeal because the judgment of the reference judge was not entered as a judgment of the circuit court pursuant to Or Laws 1983, ch 704, § 4(6). We allow the motion.

The presiding judge of the circuit court approved the stipulation of the parties and ordered that a reference judge be appointed. The stipulation provides in part:

> "The parties stipulate to the entry of an order regarding apportionment of settlement proceeds arising out of a ruling by the Reference Judge which order shall be entered as an order of the Circuit Court of the State of Oregon for the County of Multnomah * * *."

After trial the reference judge filed with the clerk his report which contained findings of fact, conclusions of law and his judgment. A separate "judgment" was signed by the reference judge and entered. Appellant filed a notice of appeal from the judgment.

Or Laws 1983, ch 704, § 4(6) and (7) provide:

> "(6) Upon receipt of the final written report by the clerk of the court, the referral of the action shall terminate and the presiding judge shall order the judgment contained in the report entered as the judgment of the court in the action. * * *

> "(7) The judgment of the Reference Judge entered as provided in subsection (6) of this section may be appealed in the same manner as a final judgment of the circuit court in a civil action."

The presiding judge of the circuit court did not order that the judgment of the reference judge be entered as a judgment of the circuit court pursuant to section 4(6). In the absence of the order, the judgment is not appealable. Section 4(7). The parties' stipulation is not a substitute for the procedure mandated by the statute for the entry of judgments.

Appeal dismissed.